UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLINA BEDDING DIRECT, LLC,

        Plaintiff,

vs.                                          Case No.   3:13-cv-336-J-32MCR

DARREN DOWNEN,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection (Doc. 21) filed April 30, 2013.  On May 3, 2013, Defendant filed his Response in Opposition to Plaintiff's Motion (Doc. 23).  Accordingly, this matter is now ripe for judicial review.

**I.	BACKGROUND**

On March 29, 2013, Plaintiff filed its Complaint seeking permanent injunctive relief enjoining Defendant from breaching the non-compete, non-solicitation, and confidentiality provisions in his Territory Agreement, misappropriating Plaintiff's trade secrets, and illegally accessing Plaintiff's computer system.  (Doc. 1).  On April 2, 2013, Defendant was served with Plaintiff's First Set of Interrogatories, First Request for Production, First Request for Admissions, and First Request for Inspection.  At issue here is Plaintiff's Request for Inspection, which seeks inspection of: (i) any computers, hard drives, and/or electronic devices used by Defendant at any time between August 1,

2012 and present; and (ii) all email addresses and log-in information to all email accounts used by Defendant at any time between August 1, 2012 and present.  See (Doc. 21-A).

On April 6, 2013, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, as well as a Motion for Expedited Discovery contending that expedited discovery is necessary in order to prepare for the preliminary injunction hearing.[1]  (Docs. 7, 8).  On April 15, 2013, the Honorable Timothy J. Corrigan, United States District Judge, held a telephonic hearing and granted the Motion for Expedited Discovery "to the extent the parties are directed to cooperate in the taking of limited discovery in advance of the hearing on the motion for preliminary injunction."  (Doc. 18).

Defendant has agreed to provide responses to Plaintiff's Interrogatories, Request for Production and Request for Admissions by May 7, 2013.  However, Defendant objects to Plaintiff's Request for Inspection on the basis that it is overbroad and covers matters that are personal, private, and otherwise not part of any targeted request for discovery.  In addition, Defendant contends that Plaintiff has not made the necessary showing to compel production of entire hard drives and email account information.  See (Doc. 23).

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  A court may limit discovery if it determines that: (1) the

---

[1]    The preliminary injunction hearing is set for May 22, 2013.

discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient and less burdensome, or (2) the party seeking the discovery had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 34(a), a party may request the responding party to produce and permit the requesting party to inspect and copy any designated documents.  Fed. R. Civ. P. 34(a).  Rule 34 does not grant unrestricted access to a respondent's database compilations.  In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003).  Instead, Rule 34(a) allows a requesting party to inspect and to copy the product (whether it is a document, disk or other device) resulting from the respondent's translation of the data into a reasonably usable form.  Id. at 1316-17.  If there is improper conduct on the part of the responding party, the requesting party may need to check the data compilation.  Id. at 1317.  However, to gain direct access to the respondent's databases, the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records, confidentiality of non-discoverable matters and costs.  Id.

On a motion to compel, a responding party need not provide discovery of electronically stored information from sources that the responding party identifies as not reasonably accessible because of undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B).  The burden is on the responding party to make this showing; if the responding party succeeds, the court may nevertheless order discovery from such sources if the

requesting party shows good cause. Fed. R. Civ. P. 26(b)(2)(C). In deciding whether to permit discovery of electronically stored information, a court will consider whether the burden or expense of the proposed discovery outweighs the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Id.

Here, the undersigned concludes that the proposed discovery is not outweighed by the likely benefit. Defendant has agreed to respond to Plaintiff's Interrogatories, Request for Production and Request for Admissions. However, Plaintiff requests additional discovery in the form of inspection of: (i) any computers, hard drives, and/or electronic devices used by Defendant at any time between August 1, 2012 and present; and (ii) email addresses and log-in information to all email accounts used by Defendant at any time between August 1, 2012 and present. See (Doc. 21-A). Plaintiff has not made a showing that there has been any improper conduct on the part of Defendant or that the documents sought can not be obtained through specific production requests. See U & I Corp. v. Advanced Medical Design, Inc., 251 F.R.D. 667, 674 (M.D. Fla. 2008). Indeed, the Court "directed [the parties] to cooperate in the taking of *limited discovery* in advance of the hearing on the motion for preliminary injunction." (Doc. 18) (emphasis added). The requests for inspection at issue would hardly qualify as limited discovery.

For the above-stated reason, the Court concludes that the requested discovery is neither necessary nor warranted under the limited discovery authorized at this time.

Therefore, Plaintiff's Motion is due to be denied and each party shall bear its own costs and expenses incurred in connection therewith.[2]

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection (Doc. 21) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of May, 2013.

Copies to:

Counsel of Record

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(A), (B). When such motion is denied, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court should not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). Applying this standard, the Court finds reasonable people could differ as to the appropriateness of Plaintiff's' Motion, making it substantially justified.