UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLINA BEDDING DIRECT, LLC,

        Plaintiff,

vs.                                             Case No.  3:13-cv-336-J-32MCR

DARREN DOWNEN,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Renewed Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection (Doc. 31) filed May 30, 2013.  On June 3, 2013, Defendant filed his Response in Opposition to Plaintiff's Motion (Doc. 33).  Accordingly, this matter is now ripe for judicial review.

**I.**     **BACKGROUND**

On March 29, 2013, Plaintiff filed its Complaint seeking permanent injunctive relief enjoining Defendant from breaching the non-compete, non-solicitation, and confidentiality provisions in his Territory Agreement, misappropriating Plaintiff's trade secrets, and illegally accessing Plaintiff's computer system.  (Doc. 1).  On April 2, 2013, Defendant was served with Plaintiff's Interrogatories, Request for Production, Request for Admissions, and Request for Inspection.

On April 30, 2013, Plaintiff filed an Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection.  Specifically, Plaintiff sought

-1-

inspection of: (i) any computers, hard drives, and/or electronic devices used by Defendant at any time between August 1, 2012 and present; and (ii) all email addresses and log-in information to all email accounts used by Defendant at any time between August 1, 2012 and present. (Doc. 21). On May 7, 2013, the undersigned denied Plaintiff's Motion concluding that Plaintiff's broad discovery requests were neither necessary nor warranted. (Doc. 24).

On May 30, 2013, Plaintiff filed the instant Renewed Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection seeking the following: (i) Defendant's computer; (ii) Defendant's two cell phones (the non-smart phone used until approximately November 2012 and his IPhone he started using in approximately November 2012); and (ii) the log-in information for the email accounts associated with the email addresses thedovvnen@aol.com and gorillarecruiter@gmail.com. (Doc. 31).

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A court may limit discovery if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient and less burdensome, or (2) the party seeking the discovery had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 34(a), a party may request the responding party to produce and permit the requesting party to inspect and copy any designated documents. Fed. R. Civ. P. 34(a). Rule 34 does not grant unrestricted access to a respondent's database compilations. In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003). Instead, Rule 34(a) allows a requesting party to inspect and to copy the product (whether it is a document, disk or other device) resulting from the respondent's translation of the data into a reasonably usable form. Id. at 1316-17. If there is improper conduct on the part of the responding party, the requesting party may need to check the data compilation. Id. at 1317. However, to gain direct access to the respondent's databases, the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records, confidentiality of non-discoverable matters and costs. Id.

Here, Defendant acknowledges that he was in competition with Plaintiff but asserts there is no valid noncompetition agreement. Thus, Plaintiff's efforts to prove Defendant is in competition with Plaintiff serve no significant benefit. In addition, Defendant certifies that it has fully responded with all Plaintiff's discovery requests, (Doc. 33, p. 2), and the Court finds no reason to doubt Defendant's assertions.[1] Moreover, allowing Plaintiff to have wholesale access to Defendant's e-mail accounts and telephone is not consistent with the limited discovery allowed in advance of the hearing on the motion for preliminary injunction. See (Doc. 18).

---

[1] The fact that another person still has an email or text that Defendant has not produced does not automatically mean that it remains on Defendant's computer and/or telephone.

For the above-stated reason, Plaintiff's Motion is due to be denied and each party shall bear its own costs and expenses incurred in connection therewith.[2] Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Renewed Emergency Motion to Compel Defendant's Compliance with Plaintiff's Request for Inspection (Doc. 31) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 4th day of June, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(A), (B). When such motion is denied, the court "must ... require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court should not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). Applying this standard, the Court finds reasonable people could differ as to the appropriateness of Plaintiff's' Motion, making it substantially justified.